UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DEBRA JUSICK,**

      **Plaintiff,**

**v.**                                             **Case No: 6:12-cv-175-Orl-GJK-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Debra Jusick (hereafter "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (hereafter "Commissioner") denying her application for benefits (hereafter "Application"), which was originally filed in 2000. Doc. No. 1. Since filing her Application, the Commissioner has held four administrative hearings before Administrative Law Judges (hereafter "ALJ"). The decisions denying Claimant's Application has been remanded once by the Appeals Council and twice by this Court, most recently on March 21, 2011. *See Jusick v. Comm'r of Soc. Sec.*, No. 6:10-cv-126-GJK, 2011 WL 1059106 (M.D. Fla. Mar. 21, 2011). In that decision, the Court reversed and remanded the denial of Claimant's Application with directions to the ALJ to state the weight given to the medical opinions with particularity. *Id.*

On July 16, 2012, Claimant filed her memorandum in support of reversing the Commissioner's most recent denial of her Application. Doc. No. 19. In her memorandum, Claimant requests an award of benefits or, alternatively, remand for further proceedings. Doc.

No. 19 at 24-25.  On October 3, 2012, the Commissioner moved, pursuant to sentence four of 42 U.S.C. § 405(g), for the entry of judgment and remand, articulating the following reasons:

> 1) to fully evaluate the period at issue prior to Plaintiff's date last insured; 2) to reevaluate the Plaintiff's residual functional capacity during the relevant period, and specifically and singly address every medical opinion of record, and provide adequate reasons for the weight accorded each opinion in compliance with agency policy; 3) to specifically address whether Plaintiff required a medically necessary assistive device to ambulate during the period at issue; 4) to find Plaintiff had a severe impairment during the period at issue due to anxiety and depression and to evaluate these impairments in the sequential evaluation process; and 5) to hold a hearing, and if necessary, obtain vocation evidence regarding whether Plaintiff can perform her past relevant work or any other work.

Doc. No. 22 at 1.  Thus, the Commissioner articulates five reasons to support the entry of judgment in favor of Claimant.  On October 9, 2012, Claimant filed her response, requesting the Court deny the Motion and award her benefits.  Doc. No. 24.

On October 30, 2012, the Court conducted a hearing to address the Commissioner's motion for the entry of judgment and remand.  Doc. No. 26.  At the hearing, the Commissioner conceded that the ALJ's decision was not supported by substantial evidence and that the ALJ failed to comply with the Court's directives in *Jusick*, No. 6:10-cv-126-GJK, 2011 WL 1059106. Doc. No. 26.  The Commissioner also conceded that the factors outlined in *Goodrich v. Commissioner of Social Security*, No. 6:10-cv-1818-Orl-28DAB, 2012 WL 750291 at *13 (M.D. Fla. Feb. 7, 2012), should be considered in determining whether to remand for an award of benefits.  Doc. No. 26.  The Commissioner was unable to distinguish the instant case from *Goodrich* or *Epling v. Commissioner of Social Security*, No. 6:03-cv-820-Orl-GJK, 2009 WL 635788 (M.D. Fla. Mar. 11, 2009), both of which resulted in a remand for an award of benefits. Doc. No. 26.  Nonetheless, the Commissioner requested the Court remand for further

proceedings in front of a different ALJ. Doc. No. 26. Claimant renewed her request for the Court to reverse the Commissioner's decision and award her benefits. Doc. No. 26.

On November 1, 2012, the Court denied the Commissioner's motion to remand for further proceedings. Doc. No. 27. The Court determined that remand for further proceedings was inappropriate after considering the totality of the circumstances. Doc. No. 27 at 3. The Court granted the Commissioner until December 1, 2012, to file his memorandum supporting the denial of Claimant's Application. Doc. No. 27 at 3. On November 7, 2012, the Commissioner notified the Court that he will not file a memorandum. Doc. No. 28.

In light of the Commissioner's notice, the Court finds that the Commissioner concedes that the ALJ's most recent denial of Claimant's Application is not supported by substantial evidence and fails to comply with the Court's directions in *Jusick*, No. 6:10-cv-126-GJK, 2011 WL 1059106. Thus, the Court must determine whether remand for further proceedings or an award of benefits, as Claimant requests, is appropriate.

In *Goodrich*, No. 6:10-cv-1818-Orl-28DAB, 2012 WL 750291 at *13, the court articulated several equitable considerations courts have considered when determining whether to remand for an award of benefits: the futility of further proceedings, failure to follow the court's remand instructions, Commissioner's failure to carry his burden of proof, extraordinary delay or a combination of these considerations. In this case, Claimant's Application has been pending twelve (12) years. This Court has twice remanded the denial of Claimant's Application. The ALJ's most recent decision fails to comply with the Court's remand instructions in *Jusick*, No. 6:10-cv-126-GJK, 2011 WL 1059106. These facts and the equitable considerations in *Goodrich* all lead the Court to conclude that it would be inequitable and unjust to remand for further proceedings. *See Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982) (remanding for an

award of benefits where the claimant suffered an injustice).  As the First Circuit stated, the Commissioner is not entitled to "endless opportunities to get it right." *Seavey v. Barnhart*, 276 F.3d 1, 13 (1st Cir. 2001).

Based on the foregoing, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for a calculation of an award of benefits; and

2. The Clerk is directed to enter judgment in favor of Claimant and close the case.

**DONE and ORDERED** in Orlando, Florida on November 10, 2012.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Edward S. Rue and Luis R. Gracia
632 Dunlawton Ave
Port Orange, FL 32127

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Teresa J. McGarry
Administrative Law Judge

c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224